# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN G. FLORENDO, an individual; DEBORAH P. FLORENDO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, NA, AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR7; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ROES 1-10 and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-02088-APG-DJA<br><br>**REPORT AND RECOMMENDATION** |

This is a quiet title action arising out of Plaintiffs' mortgage loan, secured by a deed of trust recorded against their house and assigned to the Bank of New York Mellon (BoNYM). Plaintiffs sue Defendants for declaratory relief, quiet title, injunctive relief, and attorneys' fees and costs, claiming that under NRS 106.240—Nevada's ancient lien statute—BoNYM's deed of trust expired. Plaintiffs move to amend their complaint (ECF No. 24) to "streamline" it by alleging only a single cause of action—quiet title—and to assert that the clock for Nevada's ancient lien statute began running earlier than they asserted in their initial complaint. Because the Court finds that amendment would be futile it recommends denying their motion to amend (ECF No. 24). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

Plaintiffs fell behind on their mortgage payments in 2008, causing a notice of default to be recorded against the property on October 2, 2008. In January of 2011, the deed of trust was assigned

to BoNYM. BoNYM rescinded the notice of default on December 6, 2012. That rescission states that it "does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell." On July 18, 2013, the deed of trust was assigned to Nationstar Mortgage. On October 12, 2017, Plaintiff John Florendo filed a complaint against Nationstar Mortgage in state court. Nationstar moved to dismiss, which motion was granted on June 21, 2018.

On December 9, 2020, Plaintiffs filed the instant quiet title action, asserting that because over ten years had passed since the notice of default, Nevada's ancient lien statute extinguished the deed of trust. Defendants filed a motion to dismiss, arguing that the rescission rendered the ancient lien statute inapplicable and that, because Plaintiffs could have brought their claims against BoNYM during their action against Nationstar, claim preclusion applies to halt Plaintiffs' current claims against BoNYM. Notably, Plaintiffs have not made loan payments for nearly 13 years.

While that motion was pending, Plaintiffs filed the instant motion to amend, now claiming that a notice of intent to accelerate that their loan servicer sent them on April 16, 2008 (the "Acceleration Letter")—and not the recorded notice of default—accelerated the loan. Plaintiffs assert that BoNYM's recission only impacted the notice of default, not the Acceleration Letter, leaving the Acceleration Letter intact for the requisite ten years under Nevada's ancient lien statute. Defendants assert that amendment is futile because: (1) the Nevada Supreme Court and Ninth Circuit have decided that unrecorded notices—like the Acceleration Letter—do not start the ten-year clock under Nevada's ancient lien statute; and (2) even if unrecorded notices could start the clock, BoNYM rescinded the acceleration. In the alternative, should the Court not find the amendment futile, Defendants ask that the Court deny amendment because the Plaintiffs' claims are barred by claim preclusion. In their reply (ECF No. 26), Plaintiffs do not deny that the Acceleration Letter was unrecorded.

**II.      Standard.**

Under Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has repeatedly cautioned courts to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Re. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend

only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment, etc.'" *Id.* (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A motion to amend a complaint is futile where the motion offers no new set of facts or legal theory or fails to state a cognizable claim. *See Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009). Futility alone is grounds to deny a motion seeking leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Causes of action are futile if they cannot satisfy the Rule 12(b)(6) threshold. *See Boorman v. Nevada Memorial Cremation Society, Inc.*, 772 F.Supp.2d 1309, 1317 (D. Nev. 2011).

Authority is split on whether a motion to amend a pleading is dispositive, especially if it is denied on futility grounds. *See Grand Canyon Skywalk Dev., LLC v. Cieslak*, No. 2:13-cv-596-JAD-GWF, 2015 WL 1805055, at *2 (D. Nev. Apr. 20, 2015) (discussing the split of authority and requesting that a full denial of a motion to amend be treated as an R&R subject to de novo review); *United States v. Sayers Constr., LLC*, No. 2:19-cv-1602-JCM-EJY, 2020 WL 3643431, at *2 (D. Nev. July 6, 2020) ("However, sometimes a motion for leave to amend the pleadings is dispositive, especially when denied; courts are split on the matter"). Magistrate judges often fashion denials of motions to amend as an R&R. *See Bastidas v. Chappell*, 791 F.3d 1155, 1163–64 (9th Cir. 2015); *Festa v. Sandoval*, No. 2:17-cv-00850-APG-NJK, 2020 WL 8087918, at *5 (D. Nev. Nov. 30, 2020), *report and recommendation adopted sub nom. Festa v. NDOC*, No. 2:17-cv-00850-APG-NJK, 2021 WL 65467 (D. Nev. Jan. 7, 2021).

**III.    Discussion.**

Nevada's ancient lien statute creates a "conclusive presumption that a lien on a real property is extinguished ten years after the debt becomes 'wholly due.'" *Daisy Trust v. Federal Nat'l Mortgage Ass'n*, No. 2:20-cv-01217-GMN-EJY, 2021 WL 1226536, at *3 (D. Nev. Mar. 31, 2021) (quoting *Pro-Max Corp. v. Veenstra*, 117 Nev. 90, 93-95, 16 P.3d 1074, 1077 (Nev. 2001)). Accelerations can trigger the ten-year clock and a rescission of that acceleration can stop it. *See Glass v. Select Portfolio Servs., Inc.*, No. 78325, 2020 WL 3604042, at *1 (Nev. 2020)

(unpublished).  Here, Plaintiffs' attempt to amend their complaint to assert that the Acceleration Letter—and not the notice of default—triggered the acceleration, and was unaffected by BoNYM's recission, is futile.

> **A.   Plaintiffs' amendment is futile because unrecorded notices do not trigger the ten-year clock under Nevada's ancient lien statute.**

Plaintiffs' amendment is futile because the Acceleration Letter did not trigger the ten-year clock.  *Daisy Trust v. Federal Nat'l Mortgage Ass'n* stands for the proposition that an unrecorded letter giving notice of acceleration does not make a deed of trust "wholly due" under Nevada's ancient lien statute.  *See Daisy Trust*, 2021 WL 1226536, at *3-4.  There, a plaintiff argued that the ten-year clock began running when it received an unrecorded acceleration letter from Fannie Mae rather than when Fannie Mae recorded a notice of default.  *See id.* at *1, 3.  The court disagreed and found that the plaintiff ignored the unrecorded status of the letter, explaining that only a deed of trust and recorded written extension can trigger the ten-year clock.  *See id.*  The court acknowledged that the Nevada Supreme Court has not "directly addressed what triggers acceleration of debt under NRS 106.240."  *Id.*  However, in interpreting the statute, it considered that the Nevada Supreme Court had concluded that the statute is "clear and unambiguous" in which "no further interpretation is required or permissible." *Id* (quoting *Pro-Max Corp.*, 16 P.3d at 1076).  It also noted that "Nevada state trial courts have similarly interpreted NRS 106.240, finding that the statute is triggered only by two types of documents": a deed of trust or recorded written extension, both of which must be recorded.  *See id.*  Because the plaintiff's complaint rested solely on the application of Nevada's ancient lien statute via the acceleration letter, the court dismissed the plaintiff's complaint for failing to state a plausible claim for relief.  *See id.* at 4.

Here, Plaintiffs' attempt to amend their complaint to assert that the unrecorded Acceleration Letter started the ten-year clock is futile.  This court has already concluded that an unrecorded letter does not make a deed of trust "wholly due" under Nevada's ancient lien statute in *Daisy Trust*.  And the facts here are nearly identical to those in *Daisy Trust* because Plaintiffs are arguing that the ten-year clock began with its Acceleration Letter.  But just as the plaintiff in *Daisy Trust* ignored the

unrecorded status of the letter, so do Plaintiffs here. Only a deed of trust or a recorded written extension trigger the ten-year clock under Nevada's ancient lien statute, and Plaintiff's unrecorded Acceleration Letter is neither.

Plaintiffs' argument that the Acceleration Letter triggers the ten-year clock relies on their mistaken belief that the Acceleration Letter is part of the deed of trust. Plaintiffs argue that, because the Acceleration Letter and deed of trust are one in the same, the Acceleration Letter triggers the clock under *Daisy Trust*. But just because the deed of trust requires the lender to "give notice to Borrower prior to an acceleration" does not mean that notice—here, the Acceleration Letter—is somehow an extension of the deed of trust.

Ultimately, Plaintiffs ignore the court's most salient point in *Daisy Trust*: that an unrecorded document is incapable of triggering the ten-year clock. Plaintiffs make no attempt to refute Defendants' assertion that the Acceleration Letter is unrecorded. The Acceleration Letter is thus incapable of starting the clock under Nevada's ancient lien statute. Because Plaintiffs seek to amend their complaint to assert that the Acceleration Letter triggered the ten-year clock, their amendment is futile.

### B. Even if the Acceleration Letter triggered the ten-year clock, BoNYM's recission stopped it.

Even if the Acceleration Letter triggered the ten-year clock, BoNYM's rescission stopped the underlying acceleration. Although the Nevada Supreme Court has not yet definitively stated what triggers an acceleration under Nevada's ancient lien statute, it has addressed the effect of recission on the ten-year clock. *See Glass v. Select Portfolio Servs., Inc.*, No. 78325, 2020 WL 3604042, at *1 (Nev. 2020) (unpublished). In *Glass*, the plaintiff argued that the ten-year clock under Nevada's ancient lien statute began running when her loan was accelerated. *See id*. The Nevada Supreme Court agreed but found that the defendant had cancelled the acceleration—and thus stopped the clock—when it rescinded its notice of default two years later, rendering the ancient lien statute inapplicable. *See id.* The Nevada Supreme Court noted that the language of the rescission "clearly states that it 'does hereby rescind, cancel and withdraw the Notice of Default

and Election to Sell.'" *Id.*   Thus, the ancient lien statute did not apply to cancel the deed of trust. *See id.*

On June 1, 2021, the Ninth Circuit determined that, after *Glass*, the argument that a recission must explicitly state deceleration is no longer persuasive. *See Bank of America, NA v. SFR Investments Pool 1, LLC*, 849 Fed.Appx 211, 212 (9th Cir. June 1, 2021).  There, the district court determined that, because a recission did not expressly state that the loan was decelerated, the court needed more information to determine whether deceleration was intended.  *See id.*  The Ninth Circuit reversed, finding that the Nevada Supreme Court's decision in *Glass*—decided after the district court's decision and before the Ninth Circuit's decision—foreclosed the argument that a recission must explicitly revoke an acceleration to decelerate a loan.  *See id.*

Here, even if the Acceleration Letter triggered the ten-year clock, amendment is futile because BoNYM rescinded the acceleration in 2012.  Although Plaintiffs argue that BoNYM only rescinded the notice of default—not the Acceleration Letter—and thus the acceleration is still intact, they conflate the notice of default and Acceleration Letter with the acceleration itself.  Just because there were two types of notices of acceleration—the Acceleration Letter and recorded notice of default—does not mean the loan was accelerated twice.  And just as the court reasoned in *Glass*, by rescinding the notice of default, BoNYM rescinded the acceleration.  This is particularly true because the language of BoNYM's recission is identical to the recission in *Glass*, stating that it "does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell."

To the extent Plaintiffs argue that the recission did not refer to the Acceleration Letter, and thus did not rescind it, that argument is unpersuasive after *SFR Investments Pool* (referred to by the parties as *Bumbasi*).  There, the Ninth Circuit reasoned that a recission need not explicitly declare that a loan is decelerated to be effective.  This reasoning can be extended to conclude that a recission need not explicitly refer to every notice letter that borrowers received to rescind the underlying acceleration.

Under *Glass* and *SFR Investments Pool*, BoNYM's recission of the notice of default was sufficient to stop the acceleration, halt the ten-year clock, and render Nevada's ancient lien statute inapplicable.  Even if the Acceleration Letter started the ten-year clock, BoNYM's recission ended

it, meaning that Plaintiffs' amendment—and likely their entire claim—is futile. Because this determination is potentially dispositive of Plaintiffs' case, this Court recommends that Plaintiffs' motion to amend be denied.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiffs' motion to amend their complaint (ECF No. 24) be **denied** as futile.

**IT IS FURTHER RECOMMENDED** that Defendants' request that the Court deny Plaintiffs' motion to amend because Plaintiffs' claims are barred by claim preclusion be **denied** as moot.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 3, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE