UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN G. FLORENDO and DEBORAH P. FLORENDO,<br><br>    Plaintiffs<br><br>v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants | Case No.: 2:20-cv-02088-APG-DJA<br><br>**Order**<br><br>[ECF Nos. 6, 15, 17, 24, 27] |

Plaintiffs John and Deborah Florendo brought this suit for declaratory relief and to quiet title to property located at 9 Summit Walk Trail located in Henderson, Nevada. Defendant Bank of New York Mellon (BONY) is the beneficiary under a deed of trust encumbering the property.[1] The parties dispute whether the deed of trust has been extinguished by Nevada Revised Statutes § 106.240, which "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Section 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

---

[1] The plaintiffs also sued Mortgage Electronic Registration Systems, Inc. (MERS). ECF No. 1. MERS filed a disclaimer of interest and the plaintiffs voluntarily dismissed MERS from the case. ECF Nos. 9, 18.

In their original complaint, the plaintiffs alleged that the deed of trust was no longer enforceable under § 106.240 because more than 10 years had passed since the debt was accelerated, and thus became wholly due, through a recorded notice of default. ECF No. 1.  On January 26, 2021, BONY moved to dismiss, arguing that the notice of default had been rescinded so the acceleration was decelerated and the ten-year clock under § 106.240 was no longer ticking. ECF No. 6.  BONY also argued that this suit is barred by claim preclusion due to a prior lawsuit in state court.  And BONY requested the court cancel the recorded notice of lis pendens related to this suit.  The plaintiffs responded that they intended to file an amended complaint and they contended that they had until February 18 to do so because the postmark on the envelope showed service of the motion to dismiss was not accomplished until January 28. ECF No. 11.

The plaintiffs filed an amended complaint on February 18. ECF No. 14.  The amended complaint flushed out some additional details related to recorded notices of trustee sale that the plaintiffs contend likewise either accelerated the debt or are further evidence that the notice of default accelerated the debt.  The amended complaint also added a negligent misrepresentation claim.

BONY moved to dismiss the amended complaint on the same grounds as the original complaint. ECF No. 15.  BONY also argued that the misrepresentation claim was time barred, was not pleaded with particularity, and fails on the merits.  Alternatively, BONY moved to strike the amended complaint because the plaintiffs filed it more than 21 days after the motion to dismiss without BONY's consent or leave of the court. ECF No. 17.

The plaintiffs opposed the second motion to dismiss and the motion to strike, arguing generally that the notice of default accelerated the debt and a later rescission did not effectively decelerate the debt. ECF Nos. 20, 21.  They also contended that the amended complaint was

timely because the motion was not mailed to them until two days after it was filed and it was not emailed to them as shown by the certificate of service, which states it was sent by mail. ECF No. 21. The plaintiffs did not respond to BONY's arguments regarding their negligent misrepresentation claim.

The plaintiffs thereafter moved to amend. ECF No. 24. They sought to narrow their suit to a single claim for quiet title and to add allegations that prior to the notice of default being recorded, they received correspondence from the lender accelerating the debt. BONY opposed amendment as futile, arguing that an unrecorded letter does not accelerate a debt for purposes of § 106.240. BONY also argued that even if it did, the rescission decelerated the debt. The plaintiffs responded that the amendment is not futile because the rescission referred to the notice of default, not prior communications that also accelerated the debt. Additionally, they contended that relevant case law states that a rescission puts the parties back in the position they were before the notice of default was recorded, which, in this case, would mean that the debt was accelerated through the lender correspondence.

Magistrate Judge Albregts recommended that I deny the motion to amend as futile. ECF No. 27. He concluded that unrecorded documents like a letter from a lender do not trigger acceleration under § 106.240. Alternatively, he reasoned that even if an unrecorded document could start the ten-year clock ticking, the rescission stopped the clock.

The plaintiffs objected to Judge Albregts' recommendation.[2] ECF No. 28. They argued that because the lender's written communication was done pursuant to the deed of trust, it is the type of document that will trigger acceleration under § 106.240. They also argued that the

---

[2] The plaintiffs take issue with Judge Albregts' reference to § 106.240 as an "ancient lien statute." Judge Albregts was not calling § 106.240 "ancient." Rather, he was referring to § 106.240 as a statute that deals with "ancient liens."

3

rescission of the notice of default restored the parties to the status quo before the notice of default was filed, which the plaintiffs contend is the lender's communications accelerating the debt.

     I grant BONY's motions to dismiss and deny as moot the motion to strike. I overrule the plaintiffs' objections to Magistrate Judge Albregts' recommendation and accept his recommendation to deny the plaintiffs' motion to amend because the proposed amendment would be futile. By the plaintiffs' own allegations, a rescission of the notice of default was recorded. The rescission decelerated the same debt that was the subject of both the lender communications and the recorded notice of default. Consequently, the debt was no longer "wholly due" under § 106.240, so the ten-year period to extinguish the lien has not run. *Glass v. Select Portfolio Servicing, Inc.*, No. 78325, 466 P.3d 939, 2020 WL 3604042, at *1 (Nev. July 1, 2020); *see also Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211, 212-13 (9th Cir. 2021); *Bank of Am., N.A. v. Estrella II Homeowners Ass'n*, No. 2:16-cv-02835-APG-DJA, 2020 WL 4194004, at *3 (D. Nev. July 21, 2020). Although the plaintiffs contend there is something materially different about the rescission language in this case that makes it distinguishable from other cases, the rescission language is approximately the same as that which has been found to decelerate the debt. *Compare* ECF No. 1 at 8-9, *with Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00133-APG-BNW, 2020 WL 3971913, at *2-3 (D. Nev. July 14, 2020); *Bank of N.Y. Mellon v. Seven Hills Master Cmty. Ass'n*, No. 2:16-cv-01128-APG-NJK, 2020 WL 620273, at *3 (D. Nev. Feb. 10, 2020). The rescission language in this case is also materially indistinguishable from that in *Glass*. *See* Jt. Appx. Vol. III at 340, *Glass v. Select Portfolio Servicing, Inc.*, Nev. Sup. Ct. No. 78325 (Doc. No. 19-31302 filed July 24, 2019).

The plaintiffs did not respond to BONY's motion to dismiss the negligent misrepresentation claim, so that portion of BONY's second motion to dismiss is granted as unopposed. LR 7-2(d). Additionally, the plaintiffs apparently want to abandon the claim because they dropped it from the proposed second amended complaint.

Because the plaintiffs' suit is based on their contention that § 106.240 extinguished the deed of trust and they have not identified a factual basis under which they could amend to plausibly state a claim despite multiple attempts, I dismiss the complaint with prejudice. As a result, I grant BONY's request to extinguish the notice of lis pendens because the plaintiffs have not shown they are likely to prevail or have even a fair chance of success on the merits. *See* Nev. Rev. Stat. § 14.015(3).

I THEREFORE ORDER that Magistrate Judge Albregts' report and recommendation **(ECF No. 27) is ACCEPTED** and the plaintiffs' motion for leave to amend **(ECF No. 24) is DENIED**.

I FURTHER ORDER that defendant Bank of New York Mellon's motions to dismiss **(ECF Nos. 6, 15) are GRANTED** and the defendant's motion to strike **(ECF No. 17) is DENIED as moot**.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendant Bank of New York Mellon and against the plaintiffs and to close this case.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

I FURTHER ORDER that defendant Bank of New York Mellon's request to expunge lis pendens is GRANTED.  Plaintiffs John G. Florendo and Deborah P. Florendo are ordered to record a copy of this order with the Clark County Recorder by September 17, 2021.  This order has the same effect as an expungement of the original notice.

DATED this 20th day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE